## Sumpter *v.* Geron.

The act of the legislature of 1824, enacts, that the defendant shall not deny the execution of the note or deed sued on, except by plea verified by oath. Under this statute, the general issue so verified possesses the qualities of the plea of *non est factum*, and it will be sufficient, to prove that the signature of the name was in the hand writing of the defendant, or made by his authority.

Where the record stated, that the jury "found on their oath," &c., and the bill of exceptions further stated, that argument was heard "before the jury, then and there empannelled and sworn to try," &c., it was held sufficient evidence that the jury were sworn.

IN error to the circuit court of Noxubee county.

This cause was tried before the Hon. H. S. BENNETT, at the May term of said court, 1837.

This was an action of assumpsit upon a promissory note. The declaration was in the usual form. The defendant in the court below, pleaded the general issue and filed an affidavit, in which he stated that he did not execute the note sued on, nor authorise any other person to do the same.

The cause was submitted to the jury, and the court was requested to instruct them that the plea filed did not put in issue the signature of said defendant only, but the making or execution of the whole note. This was refused, and the judge charged the jury, that if they found that the signature to the note was that of the defendant, they must find for the plaintiff, unless they should also find that there had been some material alteration of the instrument.

The errors assigned were the charge of the court, and that it did not appear that the jury were sworn.

The record stated that, " the jury say on their oaths," &c. In the bill of exceptions was the following: " And after argument before the jury, then and there empannelled and sworn to try the issue joined," &c.

Acee & Grant for plaintiff in error.

The plea in this case was *non assumpsit,* verified by the oath of the defendant, alleging that he had not executed the note upon which the suit was instituted.

This plea, by the act of 1824, was equivalent to that of *non est factum,* and necessarily put in issue, not only the signature 'of the note sued on, but every other circumstance connected with said note.    Laws of Mississippi, (late collection,) 21.    1 Chitty's Pleadings, 424.    12 Johnson, 337.    6 Munford, 358.    Philips' Evidence, 128.    3 Campbell, 33.    13 Johnson, 430.

As the defendant then, by the common law, could, under the plea of *non est factum,* give in evidence, upon trial, that the instrument sued on had been delivered as an *escrow,* or obtained while the defendant was a lunatic or intoxicated, or that a different instrument was substituted, instead of the one which the party supposed he was executing; the court below erred in excluding from the jury who tried this cause, by his charge, all evidence, except what related exclusively to the signature of the defendant.

In this case, as in the authorities cited, the true issue submitted to the consideration of the jury, was not whether the signature was the defendant's, but whether the instrument sued on was executed under such circumstances, as to give the plaintiff a legal right to maintain his action thereon.    It was, therefore, the peculiar power of the jury in this case to inquire, for what purposes the note sued on was made—the circumstances under which it was executed—the mental condition of the defendant when his name was subscribed thereto, and whether or not any fraud had been practised by the plaintiff in procuring the same.

The defendant in this case had signed his name to a blank piece of paper, to be used by the plaintiff for an appeal bond in a justice's court, and which had been converted into a note by the plaintiff without the knowledge or authority of the defendant.    It was therefore, not his note.    This was the question for the jury to try, and the presiding judge, in confining the investigation and decision

of the jury to the signature alone, deprived the defendant of the best possible legal defence.

The court below consequently erred in refusing to charge the jury as required by the defendant below, "that the plea in this cause, filed by said defendant, does not put in issue the signature of the defendant to the promissory note sued on only, but the making or execution of the whole note."

It was certainly the intention of the legislature by the act of 1824, to render the plea of *non assumpsit*, when verified by affidavit, equivalent to that of *non est factum;* the pleas then being the same, the evidence given under the one could surely be given under the other. The court below, in excluding all evidence whatsoever, except that relating to the signature alone, imposed a limitation upon the investigations of the jury subversive of justice, and unrecognized by law.

Mr. Justice TROTTER delivered the opinion of the court.

The refusal of the court to give the instruction moved for by the plaintiff in error, is the ground relied on to reverse the judgment of the court below. The effect of the act of 1824 is to give to the plea in this case the qualities of a plea of *non est factum.* That plea puts in issue, the execution of the deed, and its continuance as a deed at the time of the plea. 2 Starkies' Evid. 475. And proof of execution consists in evidence of the sealing and delivery of the deed. *Ibid.* It is surely not maintainable, as a legal proposition, that the plaintiff is bound under a plea of this sort to prove that the whole body of the note is in the hand writing of the defendant. It will be sufficient, if he proves the *sealing and delivery* of the deed, or that the signature of the name is in the hand writing of the defendant, or was placed there by his authority. We think therefore that the court below was authorised to refuse the instruction prayed for; and that the charge as given was strictly correct. If the defendant had sought to impeach the note on any one of the grounds which are admissible under the plea, and the court had refused the proof, then it would have been error. But the record furnishes none of the proof which was offered to the jury, so that on another ground which

has been repeatedly recognised in this court, the judge who tried the cause was well warranted in refusing the charge; there being no proof to which it could apply. As an abstract proposition of law, it is however undoubtedly true as stated, that the plea of *non est factum,* only requires the plaintiff to prove the execution of the note.

The record shows with sufficient certainty, as we think, that the jury which tried this cause were sworn. It is stated, after naming the individuals who composed the panel, that they found upon their oath, the verdict which was rendered. It is also more fully stated in the bill of exceptions.

Let the judgment be affirmed.